Richardson, Ch. J.,
delivered the opinion of the court:
The claimant, an officer in the Navy, traveled by order of his superior officer from Philadelphia, by way of New York, Aspin-wall, the Isthmus of Panama, and thence to Mare Island, Cal., in the year 1872.
By the statute then in force he was entitled to • be paid 10 cents a mile for each mile traveled (act of March 3,1835, 4 Stat. L., 755), according to the decision of this court in Graham’s Case (18 C. Cls. R., 83), affirmed on appeal (110 U. S. R., 218), upon which he relies.
The accounting officers allowed him mileage only for the distance between the extreme points by the overland route. He was paid $288.60 less by that computation than he would have received if paid according to the distance actually traveled.
On the 8th of October, 1887, the claimant filed his petition in this court to recover that unpaid balance. The journey was completed and the cause of action accrued May 6, 1872, more than fifteen years before the filing of the petition. The defendants move to dismiss by reason of the limitation prescribed by Bevised Statutes, § 1069. The claimant in his petition has not averred any of the disabilities recognized by law as required by the following rule of court:
“ (70) if it appear on the face of the petition that the claim first accrued more than six years before the petition was filed, *273 tbe claimant must aver therein the existence and period of duration of some disability, recognized by law, which prevented his filing his petition within that time; in default whereof, it will be considered that no such disability existed, and the petition may be dismissed on motion.”
The claimant appears to have been misled by the report in the Graham Case, which does not state the time of filing the petition. In point of fact it was filed within the six years’ limitation, although the case was not decided until long after-wards.
But the claimant was informed of his mistake by the motion and brief of the defendants, and did not amend his petition alleging any disabilities recognized by law, and none are therefore involved in the case.
He insists, however, in his brief that his claim is taken out of the statute of limitation because the accounting officers made a mistake in the interpretation of the law, by decisions in other like cases, that mileage was not to be computed as claimed, that it did not come to his knowledge until the decision of the Supreme Court in the Graham Case that the ruling of the accounting officers was erroneous, and that while he was in ignorance of his rights by reason of such mistake the statute of limitations did not run against his claim.
This is a novel doctrine, without the support of principle or authority. The knowledge of the law was as free to the claimant as to the accounting officers, and the court was open to him for six years in which to bring his action to test the accuracy of their decision.
The petition is dismissed.